Martinez Arias De Cruz v. Bondi

BIA
McCarthy, IJ
A208 304 208

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

GUILLERMINA MARTINEZ ARIAS DE CRUZ,

> *Petitioner*,

> v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

23-6570

NAC

**FOR PETITIONER:**     Judy Resnick, Esq., Far Rockaway, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Matthew Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guillermina Martinez Arias De Cruz, a native and citizen of Guatemala, seeks review of a May 4, 2023 decision of the BIA affirming a December 21, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guillermina Martinez Arias De Cruz,* No. A 208 304 208 (B.I.A. May 4, 2023), *aff'g* No. A 208 304 208 (Immig. Ct. N.Y. City Dec. 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA, addressing only the grounds the BIA relied on, but considering the BIA's determination that Martinez Arias De Cruz waived review of some claims. *See*

2

*Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because she has not argued that the BIA erred in concluding that she had failed to establish that any persecution was based on her membership in a particular social group that can be legally recognized, Martinez Arias De Cruz has abandoned review of the dispositive basis for the BIA's decision. The arguments she does make in her brief to this Court are either not relevant to the dispositive grounds of the BIA's decision or are unexhausted— meaning she did not make those same arguments to the BIA so we cannot consider them.

"We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). In addition, we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Exhaustion is "mandatory in the sense that a court must enforce the rule if a party properly raises it." *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (quotation marks omitted). "[W]hen an argument made to this Court cannot be closely matched up with a specific argument made

3

to the BIA, it has not been properly exhausted and we cannot hear it." *Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024).

Our review generally is limited to the reasons the agency gave for its decision. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 117 (2d Cir. 2007) (explaining that "a denial of immigration relief stands or falls on the reasons given by the IJ or BIA" (quotation marks and brackets omitted)), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023). Accordingly, the only issues that are properly before us are whether Martinez Arias De Cruz's proposed particular social group of Guatemalan women without male protection is cognizable, whether she waived her other proposed social groups on appeal, and whether the agency erred in denying CAT relief. *See Xue Hong Yang*, 426 F.3d at 522; *see also Lin Zhong*, 480 F.3d at 117.

Martinez Arias De Cruz has not challenged these dispositive rulings. She states that she faces death or torture upon return, but her conclusory assertion is insufficient to raise a challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where brief devoted "only a single conclusory sentence" to it). She references being vulnerable as a woman in Guatemala and that she is a member of

4

a protected group. But she does not actually challenge the BIA's determination that her proposed group was not socially distinct, which would require her to show that Guatemalan society "perceive[s]" her proposed group of Guatemalan women without male protection as "sufficiently separate or distinct," not just that gang members or criminals found her to be a vulnerable target for extortion. *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 588 (2d Cir. 2021) (quotation marks and citation omitted); *see also Hernandez-Chacon v. Barr*, 948 F.3d 94, 101 (2d Cir. 2020) (listing requirements for a particular social group). And she does not address the other proposed groups she raised before the IJ or challenge the BIA's finding that she waived those grounds on appeal. Accordingly, she has abandoned any challenge to the dispositive grounds for the agency's denial of relief. *See Debique*, 58 F.4th at 684.

Her remaining arguments about the merits of her claims do not counter the dispositive reason for the BIA's determination—that she failed to establish that she was persecuted because she was a member of a protected group. For example, she argues that her past harm was severe enough to constitute persecution. But an applicant for asylum and withholding of removal has the burden to establish a *protected ground*, that the protected ground was one central reason for the

5

persecution, *and* that the past harm was sufficiently severe so as to constitute persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. §§ 1208.13(a), (b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (holding that "one central reason" requirement applies to both asylum and withholding of removal); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (holding that an applicant must establish that a proposed particular social group is cognizable and that membership in the group is a central reason for the harm). The BIA did not uphold the IJ's denial of Martinez Arias De Cruz's claim because her persecution was not severe enough; it upheld the denial because she did not show that her persecution was based on a protected ground.

Finally, her arguments that the IJ was biased and that the agency denied her due process are either duplicative of her arguments on the merits (that fail for the reasons set forth above) or are unexhausted. On appeal to the BIA, she did not argue that the IJ was biased, and, while she stated in her brief to the BIA that there was a due process issue, she did not identify what it was. As the Government argues, Martinez Arias De Cruz has not exhausted a due process claim, because she did not argue one with specificity before the BIA. *See Punin*, 108 F.4th at 124. Even assuming exhaustion, her bias and due process claims largely restate that the

6

agency erred on the merits of various findings. Such arguments are insufficient to state a due process claim, which, in the immigration context requires a petitioner to establish "that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court